IN THE _____ JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW NUMBER _____
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| JESSICA VELARDE and JUAN ZAVALA, | § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Cause No. _____ |
| DECKER TRUCK LINE, INC. and JOHN HADLEY SANDERS, | § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JESSICA VELARDE and JUAN ZAVALA, Plaintiffs, complaining of DECKER TRUCK LINE, INC. and JOHN HADLEY SANDERS, Defendants, and files this Original Petition and for cause of action would show this Court as follows:

I.

Plaintiffs are residents and citizens of El Paso County, Texas.

Defendant DECKER TRUCK LINE, INC. (hereinafter referred to as "Defendant Decker") is an Iowa corporation doing systematic and continuous business in Texas and may be served with process by serving its registered agent, Timothy J. Burns, 4000 5th Avenue South, Fort Dodge, Iowa 50501.

Defendant JOHN HADLEY SANDERS (hereinafter referred to as "Defendant Sanders") is a citizen and individual residing in the State of Oregon and may be served with process at 27720 Fern Ridge Road, Sweet Home, Oregon, 97386.

Discovery in this case will be conducted at Level III.

## II.

The accident giving rise to this cause of action took place on or about December 15, 2020 in Tarrant County, Texas. At such time, Plaintiffs were traveling in a parking lot when a vehicle being operated by Defendant Sanders struck Plaintiffs' vehicle. At the time of the accident, Defendant Sanders was an employee and/or agent of Defendant Decker. As a result of the accident, Plaintiffs sustained the injuries and damages noted more fully below.

## IV.

At all times relevant hereto, Defendant Sanders was negligent in ways including, but not limited, to the following:

a) Failing to use due care and caution in the operation of a motor vehicle;

b) Failing to timely apply his brakes to avoid a collision;

c) Failing to keep a proper lookout;

d) Failing to take proper evasive action;

e) Failing to maintain a proper speed;

f) Using a cellphone while operating a commercial motor vehicle;

g) Being physically and mentally unfit to operate a commercial motor vehicle;

h) Exceeding the hours per day and week for operating a commercial motor vehicle as prescribed by the Federal Motor Carrier Safety Act; and

i) Operating a commercial motor vehicle without a proper commercial driver license.

The above-referenced negligent acts and/or omissions of Defendant Sanders, whether taken singularly or in concert, constitute a direct and proximate cause of the injuries and damages sustained by Plaintiffs, noted more fully below.

V.

At all times relevant hereto, Defendant Sanders was in the performance of his duties on behalf of Defendant Decker. Plaintiffs' injuries were proximately caused by the negligence of Defendant Decker and Defendant Decker's employees and/or agents. Defendant Decker is liable for the acts of Defendant Sanders under the doctrine of *respondeat superior*.

VI.

At all times relevant hereto, Defendant Decker was negligent in ways including, but not limited, to the following:

a) Failing to provide competent employees, agents and/or contractors;

b) Failing to properly train, supervise, and instruct its employees, agents and/or contractors;

c) Failing to instruct its employees, agents and/or contractors about safety, and to provide said employees, agents and/or contractors with rules and regulations for the safety of others, including Plaintiffs;

d) Instructing its employees, agents and/or contractors to perform their jobs in an unsafe manner;

e) Negligently entrusting the control and operation of the subject vehicle to Defendant Sanders when Defendant Decker knew or should have known that Defendant Sanders was unfit, unskilled, unqualified and/or not licensed to operate said vehicle;

f) Negligently hiring and retaining Defendant Sanders;

g) Failing to maintain, service and/or repair the commercial motor vehicle in question;

h) Providing Defendant Sanders with a mechanically defective commercial motor vehicle;

i) Allowing Defendant Sanders to operate a commercial motor vehicle even though Defendant Decker knew or should have known that Defendant Sanders was physically and mentally unfit to do so;

    j)    Allowing Defendant Sanders to operate a commercial motor vehicle even though Defendant Decker knew or should have known that Defendant Sanders was exceeding the hours per day and week for operating a commercial motor vehicle as prescribed by the Federal Motor Carrier Safety Act;

    k)    Negligently controlling Defendant Sanders's work activities; and

    l)    Allowing Defendant Sanders to operate a commercial motor vehicle without a proper commercial driver license.

The above-referenced negligent acts and/or omissions of Defendant Decker, whether taken singularly or in concert, constitute a direct and proximate cause of the injuries and damages sustained by Plaintiffs, noted more fully below.

## VII.

As a direct and proximate result of Defendants and/or their respective agents, servants and employees, Plaintiff Jessica Velarde has been caused to suffer injuries and damages including, but not limited to the following:

    a)    Physical pain and suffering, past and future;

    b)    Reasonable and necessary medical care and expenses, past and future;

    c)    Physical impairment and disfigurement, past and future; and

    d)    Lost wages; past and future.

Plaintiff Jessica Velarde seeks compensation in whatever amount which the jury determines to be fair and reasonable, based on the evidence and within the jurisdictional limits of the Court in excess of $250,000.00 but not to exceed $1,000,000.00.

## VIII.

As a direct and proximate result of Defendants and/or their respective agents, servants and employees, Plaintiff Juan Zavala has been caused to suffer injuries and damages including, but not limited to the following:

    a)    Physical pain and suffering, past and future;

    b)    Reasonable and necessary medical care and expenses, past and future;

    c)    Physical impairment and disfigurement, past and future; and

    d)    Lost wages; past and future.

Plaintiff Juan Zavala seeks compensation in whatever amount which the jury determines to be fair and reasonable, based on the evidence and within the jurisdictional limits of the Court in excess of $250,000.00 but not to exceed $1,000,000.00.

## IX.

Plaintiffs request a trial by jury.

## X.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have judgment against Defendants for all relief requested, as follows:

a) Judgment against Defendants for actual damages in an amount which is within the jurisdictional limits of this Court in excess of $250,000.00 but not to exceed $1,000,000.00 per Plaintiff.

b) Pre and post-judgment interest as prescribed by law, until paid.

c) Costs of suit.

d) Such other and further relief, general and special, at law or equity, to which Plaintiffs may be justly entitled to.

Respectfully submitted,

**LAW OFFICE OF FREDRICK MANDELL**
609 Laurel
El Paso, Texas 79903
(915) 351-7959
FAX (915) 351-2810
E-Mail: fmandell3@gmail.com

By: _____
**FREDRICK MANDELL**
State Bar No. 24032691