IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESSICA VELARDE and JUAN ZAVALA,<br><br>*Plaintiffs*,<br><br>v.<br><br>DECKER TRUCK LINE, INC. and JOHN HADLEY SANDERS,<br><br>*Defendants*. | § § § § § § § § § § § | EP-22-CV-00298-DCG |

## ORDER DENYING
## MOTION FOR SERVICE OF PROCESS BY PUBLICATION

On this day, the Court considered Plaintiffs' "Motion for Service of Process by Publication" ("Motion"), filed on October 19, 2022. (ECF No. 8.) On October 20, 2022, United States District Judge David Guaderrama referred the Motion to United States Magistrate Judge Robert Castañeda for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Appendix C to the Local Rules. (ECF No. 9.) After due consideration, the Court is of the opinion that Plaintiffs' Motion should be **DENIED**.

**I.    BACKGROUND**

Plaintiffs allege that on or about December 15, 2020, they sustained injuries and damages from a vehicular accident involving Defendant John Hadley Sanders ("Sanders"), who was an employee and/or agent of Defendant Decker Truck Line, Inc. ("Decker"). (ECF No. 7:2.) On July 5, 2022, Plaintiffs filed suit in the 448th Judicial District Court of El Paso County, Texas. (ECF No. 1-3.) On August 25, 2022, Defendant Decker removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446(a). (ECF No. 1:1.) At the time of removal, Plaintiffs had served Defendant Decker but had not served Defendant Sanders. (*Id.*)  Pursuant to Judge

1

Guaderrama's Standing Order to Replead in Removal Cases, Plaintiffs filed an Amended Complaint on October 19, 2022.  (ECF No. 7.)

Plaintiffs now request an order directing service on Defendant Sanders by publication "on the grounds that defendant cannot be found at defendant's last known address."  (ECF No. 8:1.)  Plaintiffs attach an "Affidavit of Due and Diligent Attempt" ("Affidavit") to their Motion, in which server Sergio Martinez describes his attempt to serve Defendant Sanders by certified mail on August 5, 2022.  (*Id.* at 4.)  In the Affidavit, Martinez states that he sent a "Citation and Plaintiffs Original Petition" by "certified mail, return receipt, restricted delivery" to the address of 27720 Fern Ridge Road, Sweet Home, Oregon 97386.  (*Id.*)  Martinez further states that the United States Postal Service returned such mailing to him on August 15, 2022, with a notation of "Return to Sender, Attempted Not Known, Unable to Forward."  (*Id.*)

## II.   DISCUSSION

Federal Rule of Civil Procedure 4(e) permits service on an individual in accordance with the law of the state "where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).[1]  Texas Rule of Civil Procedure 106 permits service either by in-person delivery or by registered or certified mail.  Tex. R. Civ. P. 106(a).  Alternatively, a plaintiff may seek substitute service by motion supported by an affidavit "listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted [in person or by registered or certified mail] at [that] location . . . but has not been successful."  Tex. R. Civ. P. 106(b).  Substitute service may be made in "any other manner . . . that the [affidavit] or other evidence shows will be reasonably effective to give the defendant notice of the suit."  Tex. R. Civ. P. 106(b)(2).  The same rules apply for service in a state other than Texas.  Tex. R. Civ. P. 108.

---

[1] Here, the state "where service is made," at least as thus far attempted, is Oregon.  (ECF No. 8:4.)  Plaintiffs do not specify whether they seek service by publication under the law of Texas or Oregon, so the Court will apply Texas law.

2

More specifically, Texas Rule of Civil Procedure 109 permits service of process by publication if a plaintiff, her agent, or her attorney provides, by affidavit, that: (1) either the defendant is a "transient person" or the affiant does not know the defendant's residence; and (2) either the defendant is absent from or a nonresident of Texas or, after due diligence, the affiant has been unable to locate the defendant's whereabouts; and (3) for service in another state, the party seeking service by publication "has attempted to obtain personal service of nonresident notice as provided for in [Texas Rule of Civil Procedure] 108, but has been unable to do so."  Tex. R. Civ. P. 109; *see Laballe v. La. Crane & Constr., LLC*, No. DR-16-CV-009-AM-VRG, 2017 WL 11068769, at *2 (W.D. Tex. Apr. 12, 2017).  "The trial court . . . has a mandatory duty to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant" or to effect service in another state.  *In re Marriage of Peace*, 631 S.W.2d 790, 794 (Tex. App.–Amarillo 1982, no writ); *see* Tex. R. Civ. P. 109.  Such diligence "includes making 'inquiries that someone who really wants to find the defendant would make.'" *Sun Life Assurance Co. of Can. v. McKinney*, No. 3:21-CV-2265-B, 2022 WL 256504, at *2 (N.D. Tex. Jan. 27, 2022) (quoting *In re E.R.*, 385 S.W.3d 552, 565 (Tex. 2012)).

Texas state courts disfavor publication as a method of service because "it is the least calculated to notify the defendant of the pendency of a judicial action."  *Graves v. Graves*, 916 S.W.2d 65, 68 (Tex. App. 1996) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313–15 (1950)).  Accordingly, "service by publication should be a last resort."  *In re E.R.*, 385 S.W.3d at 561 (acknowledging recent "precipitous decline in newspaper readership").

The Court finds that Plaintiffs have not demonstrated the requisite due diligence to justify service by publication.  The Affidavit describes only one attempt, in August of 2022, to serve Defendant Sanders by certified mail, whereas Rule 109 requires attempted "personal service" on

a nonresident before permitting service by publication. (ECF No. 8:4); Tex. R. Civ. P. 109. Neither Plaintiffs' Motion nor Affidavit[2] describes what, if any, additional measures were taken to try and locate Defendant Sanders. *Cf. Wash. Mut. Mortg. Sec. Corp. v. Riley*, No. 1:17-CV-308, 2018 WL 11450719, at *2 (E.D. Tex. June 4, 2018) (discussing types of Internet searches used in attempts to locate a defendant); *Chrisenberry v. Ketcher*, No. MO:21-CV-146-DC-RCG, 2022 WL 2762219, at *2 (W.D. Tex. May 18, 2022) (finding "reasonable investigation and efforts" for locating a defendant to include calling phone numbers and searching for social media); *Chavez v. Fabiani*, No. EP-21-CV-00246-DCG, 2022 WL 1518942, at *1–2 (W.D. Tex. Mar. 1, 2022) (denying a motion for service by publication where the plaintiff could have investigated a defendant's whereabouts through discovery). Additionally, Plaintiffs do not show, by the Affidavit or other evidence, that service by publication "will be reasonably effective" to notify Defendant Sanders of the suit. Tex. R. Civ. P. 106(b)(2).

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Service of Process by Publication (ECF No. 8) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** and **SIGNED** this 27th day of October, 2022.

                                                **ROBERT F. CASTAÑEDA**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court considers both the Motion and Affidavit, but notes that the relevant requirements of the Texas Rules of Civil Procedure must be met by affidavit. *See* Tex. R. Civ. P. 106, 108, 109.